IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| Rosendo Hernandez a/k/a Rosendo Harnandez (K-81640), | ) ) ) | |
| Plaintiff, | ) ) | |
| | ) | Case No. 16 C 8784 |
| v. | ) ) | Judge Philip G. Reinhard |
| | ) ) | |
| Dr. Garg, et al., | ) ) | |
| Defendants. | ) | |

**ORDER**

Plaintiff's claims in this case concern the dental care he received from four dentists at three prisons operated by the Illinois Department of Corrections. Before the court are the dentists' motions for summary judgment, which are unopposed. For the reasons stated below, the motions are granted.

**I.      Background**

**A.      Northern District of Illinois Local Rule 56.1**

Local Rule 56.1(a)(3) requires the moving party to provide "a statement of material facts as to which the moving party contends there is no genuine issue." *Cracco v. Vitran Exp., Inc.*, 559 F.3d 625, 632 (7th Cir. 2009). "The statement . . . shall consist of short numbered paragraphs, including within each paragraph specific references to the affidavits, parts of the record, and other supporting materials relied upon to support the facts set forth in that paragraph." N.D. Ill. L.R. 56.1(a). In response, the opposing party is required to file "a response to each numbered paragraph in the moving party's statement, including, in the case of any disagreement, specific references to the affidavits, parts of the record, and other supporting materials relied upon." N.D. Ill. L.R. 56.1(b)(3)(B)).

Two motions for summary judgment are before the court: one is from Wexford dentists Asselmeier and Chisham [85] and the other is from IDOC dentists Garg and Saffold [96]. Because Hernandez is a *pro se* litigant, both sets of dentists served Hernandez with a "Notice to Pro Se Litigant Opposing Motion for Summary Judgment" as required by Northern District of Illinois Local Rule 56.2 [89], [99]. The notices explained the consequences of failing to properly respond to a motion for summary judgment and statement of material facts under Federal Rule of Civil Procedure 56 and Local Rule 56.1. Despite the notice, and although Hernandez requested and received an extension of time to respond [100], [101], he did not respond to the dentists' Rule 56.1 statements of material facts or motions for summary judgment.

A plaintiff's *pro se* status does not excuse him from complying with federal and local procedural rules. *See McNeil v. United States*, 508 U.S. 106, 113 (1993) (holding that "we have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel"); *Collins v. Illinois*, 554 F.3d 693, 697 (7th Cir. 2009) ("even *pro se* litigants must follow procedural rules"). Because Hernandez has neither responded to the dentists' statements of material facts nor opposed their summary judgment motions, the court will accept their "uncontroverted version of the facts to the extent that it is supported by evidence in the record." *Keeton v. Morningstar, Inc.*, 667 F.3d 877, 880 (7th Cir. 2012); L.R. 56.1(b)(3)(C).

**B. Facts**

The following facts are set forth as favorably to Hernandez as the record and Local Rule 56.1 permit. *See Hanners v. Trent*, 674 F.3d 683, 691 (7th Cir. 2012).

**Menard Correctional Center**

Dr. Asselmeier treated Hernandez once at the Menard Correctional Center, on June 25, 2014. ([87], Asselmeier/Crisham Facts, ¶¶ 5-6.)

**Dixon Correctional Center**

Hernandez is currently incarcerated at the Dixon Correctional Center. ([87], Asselmeier/Crisham Facts, ¶ 1.) Dr. Crisham provides dental care to prisoners at Dixon but has never provided Hernandez with dental services, although other dental professionals at Dixon have done so. (*Id*., ¶¶ 42-45.)

**Stateville Correctional Center**

Hernandez was incarcerated at the Stateville Correctional Center from October 8, 2014, to May 18, 2016. ([98], Saffold/Garg Facts, ¶ 10.) IDOC dentists Saffold and Garg provide dental care to prisoners at Stateville. ([98], Saffold/Garg Facts, ¶¶ 2-3.)

Hernandez's dental records indicate that Dr. Saffold never examined his teeth or provided hands-on care. (*Id*., ¶ 31.) Instead, Dr. Saffold's only involvement in Hernandez's dental care was conducting a chart review on December 17, 2015, after which he scheduled an appointment in response to Hernandez's complaint about a filling. (*Id*., ¶ 32.) The December 17, 2015 chart note indicates that Hernandez already had a scaling scheduled the following week, on December 23, 2015. (*Id*., ¶ 33.)

Hernandez's dental records show that he had two appointments with Dr. Garg. (*Id*., ¶¶ 16, 18.) During the first appointment on February 11, 2015, Dr. Garg performed Hernandez's mandatory two-year oral examination by examining Hernandez' teeth, taking four bite wing x-rays, and scheduling a cleaning and a filling on May 8, 2015. (*Id*., ¶¶ 19-21.) Hernandez saw Dr. Garg a second time on December 23, 2015, after requesting an appointment to evaluate a filling;

2

this appears to correspond to the appointment approved by Dr. Saffold. (*Id.*, ¶ 22.) Dr. Garg examined Hernandez's teeth, completed an x-ray of the affected area, and polished a filling. (*Id.*, ¶ 23.) Her notes also indicate that Hernandez already had appointments for another filling and a "perio scale" (a deep cleaning for periodontal disease) scheduled on January 15, 2016. (*Id.*, ¶ 24.) After the December 23, 2015 appointment, Dr. Garg had no further involvement in Hernandez's dental care. (*Id.*, ¶ 25.)

## II.     Legal Standard

Summary judgment is appropriate if there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). A genuine dispute of material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The party moving for summary judgment bears the burden of proving the absence of such a dispute. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). All facts and reasonable inferences are construed in the light most favorable to the nonmoving party. *Chaib v. Geo Grp., Inc.*, 819 F.3d 337, 341 (7th Cir. 2016).

## III.    Discussion

Dr. Asselmeier—a Menard dentist who was previously described as a Stateville dentist—is entitled to summary judgment because, as detailed in the court's August 29, 2017 order ([28]), Hernandez's claims against treaters at Menard are untimely.

With respect to the remaining dentists, under the Eighth Amendment, they may be held liable if they were deliberately indifferent to Hernandez's serious medical needs. *See Harper v. Santos*, 847 F.3d 923, 927 (7th Cir. 2017) (citing *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). The defendants appear to concede that Hernandez's periodontal disease is sufficiently serious for the purposes of summary judgment, as they focus on the subjective element (*i.e.*, whether any evidence suggests that they were deliberately indifferent).

Dr. Crisham is entitled to summary judgment because he never treated Hernandez. *See, e.g.*, *Minix v. Canarecci*, 597 F.3d 824, 833 (7th Cir. 2010) ("[I]ndividual liability under § 1983 requires 'personal involvement in the alleged constitutional deprivation.'") (quoting *Palmer v. Marion Cty.*, 327 F.3d 588, 594 (7th Cir. 2003)).

Dr. Saffold is also entitled to summary judgment. His only involvement in Hernandez's care was to conduct a chart review on December 17, 2015, in response to Hernandez's complaint about a filling. After Dr. Saffold reviewed Hernandez's chart, he scheduled an appointment to address Hernandez's concern and noted that Hernandez already had a scaling appointment scheduled for the following week. Hernandez then saw Dr. Garg on December 23, 2015, who examined the affected area and polished a filling. Dr. Saffold's chart review is unrelated to the periodontal disease at issue in this lawsuit. In any event, Dr. Saffold's approval and scheduling of what appears to be a prompt appointment to address Hernandez's filling easily exceeds the constitutional floor of "adequate, minimum-level care." *See Petties v. Carter*, 836 F.3d 722, 730 (7th Cir. 2016) (en banc).

This leaves Dr. Garg. A medical professional's treatment decision can be actionable under the Eighth Amendment if it is "such a substantial departure from accepted professional judgment, practice, or standards as to demonstrate that the person responsible did not base the decision on such a judgment." *Id*. at 729 (quoting *Cole v. Fromm*, 94 F.3d 254, 261-62 (7th Cir. 1996)). Dr. Garg's decisions—examining Hernandez' teeth during a routine wellness checkup, taking four bite wing x-rays, and scheduling a cleaning and a filling based on her findings, and examining Hernandez's tooth due to Hernandez's complaint about a filling, obtaining an x-ray of the affected area, and polishing the filling—all fall comfortably within the mainstream of standard dental treatment. Moreover, during Hernandez's routine examination, which occurred two days before Christmas 2015, Dr. Garg specifically noted that Hernandez already had appointments for a filling and a "perio scale" on January 15, 2016. On this record, no reasonable juror could find that Dr. Garg's dental care was "so blatantly inappropriate as to evidence intentional mistreatment." *Greeno v. Daley*, 414 F.3d 645, 654 (7th Cir. 2005); *Holmes v. Overall*, No. 13-CV-290-JPG-PMF, 2016 WL 893380, at *3 (S.D. Ill. Mar. 9, 2016) (prison dentist was entitled to summary judgment because a reasonable jury could not find "in any way" that his examination and orders for medication and an extraction were "blatantly inappropriate").

Accordingly, defendants' motions for summary judgment are granted. Final judgment will enter. If Hernandez wants to appeal, he must file a notice of appeal with this court within thirty days of the entry of judgment. *See* FED. R. APP. P. 4(a)(1). If he appeals, he will be liable for the $505 appellate filing fee regardless of the appeal's outcome. *See Evans v. Ill. Dep't of Corr.*, 150 F.3d 810, 812 (7th Cir. 1998). If the appeal is found to be non-meritorious, Hernandez could be assessed a "strike" under 28 U.S.C. § 1915(g). If a prisoner accumulates three "strikes" because three federal cases or appeals have been dismissed as frivolous or malicious, or for failure to state a claim, the prisoner may not file suit in federal court without pre-paying the filing fee unless he is in imminent danger of serious physical injury. *Id.* If Hernandez seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* in this court. *See* FED. R. APP. P. 24(a)(1). Any such motion must specify the issues that Hernandez intends to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C).

## IV.    Conclusion

Defendants' motions for summary judgment [85], [96] are granted. The Clerk of Court is directed to enter final judgment and terminate this case.

Date: 03/08/2019                              ENTER:

_____
United States District Court Judge

Docketing to Mail Notices. (LC)